■ In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to Real Property Located Within the Blocks Bounded by East 117th Street and Other Streets, as a Site for Public School 155, and Recreational Purposes, in the Borough of Manhattan. ISRAEL MYERS et al., Respondents-Appellants; S. J. M. REALTY CORP., Respondent.—First separate and partial final decree unanimously modified by reducing the awards on certain of the damage parcels to the following extent: damage parcels 2 and 3 to $180,000, damage parcels 11 and 12 to $42,000, damage parcel 19 to $60,000. As so modified, the decree is unanimously affirmed, without costs. As to the reductions made, the record does not justify awards in excess of the amounts to which they have been reduced. Settle order on notice. Concur — Botein, P. J., Valente, Stevens, Eager and Bergan, JJ.

■ NIAGARA MILLS, INC., Appellant, v. JACK DU BOFF et al., Respondents.— Judgment entered upon an order granting defendants' motion for summary judgment, unanimously reversed, on the law and on the facts, with costs to appellant, and the motion for summary judgment denied, with $10 costs. Triable issues are presented as to whether defendants, who were retained by plaintiff as public adjusters on a claim for a loss on fire insurance policies with Lloyds of London, fraudulently misrepresented the terms under which Lloyds of London was prepared to settle the claim, with particular reference as to salvage. The form the settlement eventually took does not eliminate plaintiff's cause of action for the alleged fraud and deceit, since it may be shown that such procedure merely was a step in the consummation of the alleged fraud. Since defendants were acting in a fiduciary capacity, plaintiff should have the opportunity upon a trial to explore all the facts. As to the second cause of action, based on duress, there are also triable issues. Since defendants had no lien on the proceeds, an issue is posed as to whether under the circumstances, they were entitled to retain the check or whether there was a wrongful detention or conversion of it. Concur — Botein, P. J., Valente, Stevens, Eager and Bergan, JJ.